UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDENA RACHELLE WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV2343 RWS |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it for lack of jurisdiction pursuant to Federal Rule of Civil Procedural 12(h)(3).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

**The Complaint**

Plaintiff filed the instant complaint on December 18, 2012, seeking an "appeal for more damages settlement the thoractic lung has more abnormalities for irregular breathing and other complaints." Plaintiff asserts that she suffered adverse health affects after she was administered a Hepatitis A vaccine for her employment at Krispy Kreme in Fenton, Missouri. On plaintiff's financial affidavit she lists a recent workers' compensation settlement of $7,000.

Named as defendants in this action are the Secretary of Health and Human Services ("HHS") and the Director of the Division of Vaccine Injury Compensation at HHS, Geoffrey Evans. Plaintiff seeks $500,000 in monetary damages in addition to her appellate rights.

**Discussion**

Under Fed.R.Civ.P. 12(h)(3), the Court is required to dismiss an action if it appears that subject matter jurisdiction is lacking.

To the extent plaintiff is attempting to bring a proceeding in this Court for compensation under the National Childhood Vaccine Injury Act, as amended, 42 U.S.C. §§ 300aa-1 to 34, this Court lacks jurisdiction over such an action.[1] Under the

---

[1] The Court of Federal Claims has exclusive jurisdiction over vaccine-related death or injury cases. There are special rules governing vaccine cases, including the identity of the defendant (the Secretary of HHS), etc. See, e.g., 42 U.S.C. §§

Act, a citizen may only commence an action against the Secretary of HHS in a District Court of the United States "where there is alleged a failure of the Secretary to perform any act or duty under" the Act.  Moreover, no action can be commenced against the Secretary unless the plaintiff has given "written notice of intent to commence such an action to the Secretary."  42 U.S.C. § 300aa-31.

Plaintiff's complaint fails to allege a "failure of the Secretary to perform any act or duty under" the Act.  Rather, she simply asserts that she wants to "appeal for more damages." Additionally, plaintiff has failed to indicate that she has given written notice of her intent to file the present action in this Court to the Secretary of HHS.  Because these requirements are prerequisites to filing suit against the Secretary, the Court must dismiss the instant lawsuit under Federal Rule of Civil Procedure 12(h)(3).  Accordingly, plaintiff's claim against the Secretary of HHS will be dismissed for lack of jurisdiction.

Furthermore, to the extent that plaintiff is claiming that she suffered a workplace injury arising from her employment with Krispy Kreme, the Missouri's Workers Compensation Act ("the Act") provides the exclusive rights and remedies for claims involving workplace injuries sustained by a worker in the course and scope of her employment. Wright v. St. Louis Produce Market, 43 S.W.3d 404, 414

---

300aa-12 et seq.

(Mo.Ct.App.2001); Mo.Rev.Stat. § 287.120.1 (2012).  It appears that plaintiff has already sought and received compensation for a workplace injury arising from her employment.  Plaintiff cannot "appeal" for additional damages in this Court, as the District Court lacks jurisdiction over such claims.  See, e.g., Hannah v. Mallinckrodt, Inc., 633 S.W.2d 723, 727 (Mo. Banc 1982) (noting that the Workers Compensation Commission has exclusive and original jurisdiction).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction over plaintiff's complaint.  See Fed.R.Civ.P.12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of January, 2013.

*/s/ Rodney W. Sippel*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE